# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VICKY LUSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-cv-01067-JEO |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Vicky Luster brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits. (Doc. 1).[1] This case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for the disposition of the matter. (Doc. 9). *See* 28 U.S.C. § 636(c), FED. R. CIV. P. 73(a). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for disability insurance benefits under Title II of

---

[1]References herein to "Doc. ___" are to the electronic numbers at the top of each pleading that are assigned by the Clerk of the Court.

the Social Security Act on December 7, 2011, alleging that she became disabled beginning July 1, 2011. (R. 140).[2] Her application was initially denied. (R. 18). On April 12, 2013, following a hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's application for disability benefits, concluding that she is not disabled under the Social Security Act. (R. 24). The Appeals Council declined to grant review of the ALJ's decision. (R. 1-5). Plaintiff then field this action for judicial review pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 1).

## II.  STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one. "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The plaintiff must demonstrate that the decision of the Commissioner is not supported by substantial evidence. *See, e.g.*, *Allen v. Schweiker,* 642 F.2d 799 (5th Cir. 1981). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r. of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and

---

[2]References herein to "R. ___" are to the administrative record located at Document 6 (Answer of the Commissioner).

citations omitted). The court gives deference to factual findings and reviews questions of law *de novo*. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1982))(internal quotations and other citations omitted); *see also Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005). As noted above, conclusions of law made by the Commissioner are reviewed *de novo*. *Cornelius,* 936 F.2d at 1145. Accordingly, "[n]o … presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014) (citing 20 C.F.R. § 404.1520(a)(4)). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted). The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*; *Evans*, 551 F. App'x at 524.

## IV. DISCUSSION

### A. Facts

Plaintiff was 52 years old at the time of the ALJ's decision. (R. 15, 140). She has a high school education and past relevant work history as a deli worker and deliverer/courier. (R. 24, 65, 164, 172-79). As noted previously, she alleges a disability onset date of July 1, 2011. (R. 140).

Plaintiff alleged in her initial disability report that she was unable to work due to bad knees, hypertension, and diabetes. (R. 163). At her administrative hearing, she testified that her medication prevented her from working because "it just knocks me out for hours." (R. 57). She also complained about her left knee, back, and tendinitis in her right shoulder. (*Id*. at 50-57). She stated that she had to lie down for two to three hours a day due to pain and the side effects of her medication. (R. 50). She also stated that her left knee would flare up and give out on her about three times a week. (R. 50-53). She rated her back pain as a seven on a scale of one to ten. (R. 56). The pain is treated with ibuprofen.[3] (*Id*.) She stated she could stand for about two hours and sit for about three hours in an eight-hour day. (R. 61-62). The remainder of the time during the day, she would rest in bed. (R. 62). Finally, she stated that she is unable to lift a ten pound bag of dog food. (R. 63).

---

[3]The ibuprofen does not help according to Plaintiff. (R. 56). She also testified that she had a steroid shot in 2012. (R. 57).

Following Plaintiff's hearing, the ALJ found that she had the severe impairments of osteoarthritis, diabetes mellitus, morbid obesity, headaches, and hypertension. (R. 20). Additionally, she found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations in sitting, standing, and walking. (R. 20-21). She also concluded that Plaintiff could perform her past relevant work as a deli worker and deliverer/courier. (R. 24). Finally, she found that Plaintiff was not disabled during the relevant period. (*Id.*)

### B. Plaintiff's Claim

Plaintiff asserts that the ALJ failed to properly evaluate the medical evidence from Dr. Evan Alston. (Doc. 11 at 6). The Commissioner retorts, "Regardless of whether the ALJ erred in evaluating consultative examiner Dr. Evan Alston's opinion, Plaintiff did not establish disability because she did not prove that she could not perform her past work as a deliverer/courier in the manner she [previously] performed it." (Doc. 13 at 4 (citing R. 24)).

To properly evaluate Plaintiff's claim, it is necessary to place it in context. Plaintiff's past work history includes, among other positions, a job as a courier for Montgomery Armored Car Services, Inc. ("MACS") from 2005 to 2007. (R. 65, 123-24, 164, 172). She described her position there as a "driver" transporting bank bags from the car to the bank. (R. 174). She stated that while doing the job, she would sit

for eight hours a day. (*Id.*) However, she also noted that she lifted and carried bank bags from the car to the bank, obviously requiring her to do more than just sit for eight hours. (*Id.*)

Premised on her physical complaints, Plaintiff was evaluated by Dr. Alston in January 2012. He found that she could

> stand or walk for 4-6 hours during an 8 hour workday with frequent breaks. She could sit for 6-8 hours without frequent breaks. [Plaintiff] requires no assistive devices, but has difficulty bending/stooping/ crouching due to back pain induced by these movements. [Plaintiff] is able to lift/carry 10 lbs infrequently. No environmental and manipulative limitations apply.

(R. 294).

The ALJ found that Plaintiff could perform light work except that she could, in pertinent part, only lift and carry twenty pounds occasionally and ten pounds frequently; sit for six hours in an eight hour day; stand and walk for only six hours in an eight hour day; only occasionally climb ramps and stairs and balance, stoop, crouch, kneel, and crawl; and maintain concentration and attention for only two hours at a time. (R. 20-21). The ALJ also found that Plaintiff could perform her past relevant work as a deliverer/courier and as a deli worker. (R. 24).

Plaintiff argues that because Dr. Alston concluded that she "could stand or walk for 4-6 hours during an 8 hour workday but would require **frequent** breaks," which is more than the VE determined would be allowed, "Plaintiff is limited to a sedentary

or less level of physical exertion." (Doc. 11 at 7 (bold in original)). Additionally, Plaintiff notes that the ALJ did not "address the conflict between her conclusions and the fact that Dr. Alston's opinion does NOT allow for a light level of physical exertion." (*Id*. (Emphasis in original)). Plaintiff argues that "based upon her age, education, and past relevant work experience at the light level, Plaintiff would meet the Medical-Vocational Guidelines at 201.14 and should be found 'disabled.' " (*Id*. at 7-8 (citing 20 C.F.R. Part 404, Subpart P, Appendix 2)). She concludes that "for misstating and failing to properly evaluate the opinion of her own consultative examiner, Dr. Alston, and for failing to properly report and consider the opinion of her vocational expert, the ALJ's decision cannot be based on substantial evidence" and "Plaintiff should be found to be disabled." (*Id*. at 8, 10).

The ALJ's decision is unclear as to the meaning of "frequent breaks" with regard to the finding that Plaintiff could stand or walk "for 4-6 hours during an 8 hour work day." Whether this means frequent breaks from work or whether it means frequent breaks from walking or standing – a sit-stand option – is not clear. However, ultimately, it is harmless error because Plaintiff has not demonstrated that she cannot perform her past work as a deliverer/courier in the manner she previously performed it. (R. 24 ("the undersigned finds that [P]laintiff is able to perform the above past relevant work as they were actually and are generally performed"). Thus, she is not

disabled.

The record demonstrates that Plaintiff worked for an armored car service for about two years.[4] (R. 65, 124, 164, 172, 174). Plaintiff stated on her job history report that while performing this job, she drove to various banks, delivering "bank bag[s] from [the] car to [the] bank." (R. 174). She also indicated that she "sat" for eight hours each day.[5] (*Id.*) Thus, the record does not support her contention that she is disabled. To the contrary, it provides substantial evidence in support of the ALJ's decision that Plaintiff can perform her past relevant work as a "deliverer/courier."[6] (R. 24). Thus, she was not disabled. (*Id.*) Accordingly, any error is harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (ALJ's consideration of past work "in contravention of the regulations that prohibit consideration of any job held more than fifteen years ago" was harmless); *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Diorio*); *Ostborg v. Comm'r Soc. Sec.*, — F. App'x —, 2015 WL 3429099, *10 (11th Cir. May 29, 2015) ("The ALJ's discussion of other inconsistent statements..., even if erroneous, was harmless, since substantial

---

[4] The record is difficult to follow regarding Plaintiff's work history due to the incompleteness of many of her answers. (*See* R. 172-78). However, through a close examination of the entire "Work History Report," the history can be pieced together. (*Id.*)

[5] As noted, the record also demonstrates that Plaintiff also lifted and carried "bank bag[s]" from the car to the banks. (R. 174).

[6] The VE testified that Plaintiff could perform her past relevant work. (R. 24, 65).

evidence supports the ALJ's credibility finding").

## V. CONCLUSION

The Commissioner determined that Plaintiff was not disabled under the Social Security Act. For the reasons set forth above, the undersigned finds that the Commissioner's decision is due to be affirmed.

**DATED**, this the 1st day of July, 2015.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge